UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Norfolk Division**

JAMES JUNIOR CONYERS, #25915-083,

        Petitioner,

v.                                              ACTION NO. 2:19cv244

JUSTIN ANDREWS,
Warden,[1]

        Respondent.

## UNITED STATES MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

This matter was brought by petition for a writ of habeas corpus under 28 U.S.C. § 2241. ECF No. 1. For the reasons discussed below, and pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), Rule 72(b) of the Federal Rules of Civil Procedure, and Local Civil Rule 72, it is hereby **RECOMMENDED** that respondent's motion to dismiss the petition (ECF No. 5) be **GRANTED**, and the petition for a writ of habeas corpus (ECF No. 1) be **DENIED** and **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

### I.    STATEMENT OF THE CASE

**A.    Background**

Petitioner, James Junior Conyers ("Conyers"), is a federal prisoner convicted in the Eastern District of North Carolina and housed in the Federal Correctional Complex in Petersburg, Virginia. ECF No. 1 at 1–2. Conyers challenges his sentence as a career criminal, and seeks to have his

---

[1] Inasmuch as the petition designates an extraneous party respondent, it is **ORDERED** that the petition shall be deemed amended to substitute as the sole respondent in this proceeding Justin Andrews, Warden.

sentence vacated and to be resentenced without the career criminal enhancement. ECF No. 1 at 3, 7–12.

On February 1, 2011, following a plea of guilty, Conyers was convicted of possession of a firearm and ammunition by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924. *United States v. Conyers*, No. 7:10cr37-1-D (E.D.N.C. Feb. 1, 2011), ECF No. 50. The court concluded that Conyers was an armed career criminal, and sentenced Conyers to 180 months in prison. *Id.*, ECF Nos. 50, 52 at 5–6, 11–12. On December 8, 2011, the United States Court of Appeals for the Fourth Circuit concluded the district court "properly designated Conyers as an armed career criminal" and affirmed the judgment. *United States v. Conyers*, 457 F. App'x 229, 230 (4th Cir. 2011).

On September 6, 2016, Conyers filed a motion to vacate his sentence based on the United States Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). *United States v. Conyers*, No. 7:10cr37-1-D, ECF Nos. 67, 69. The district court found "Conyers's multiple convictions for breaking and entering continue to qualify as violent felonies under 18 U.S.C. § 924(e) even after *Johnson*." *Id.*, ECF No. 76 at 3 (citing *United States v. Mungro*, 754 F.3d 267, 272 (4th Cir. 2014); *Conyers*, 457 F. App'x at 230; and Conyers's presentence report). The district court dismissed Conyers's section 2255 motion, and the Fourth Circuit dismissed his appeal of the district court's decision. *Id.*, ECF Nos. 76, 84–85; *United States v. Conyers*, 752 F. App'x 151, 151–52 (4th Cir. 2019).

On May 10, 2019, Conyers filed a petition pursuant to 28 U.S.C. § 2241 in this Court. ECF No. 1. By response dated September 27, 2019, the United States requested dismissal of the petition. ECF No. 5. Conyers filed a reply on October 15, 2019. ECF No. 7. The matter is now ripe for decision.

**B. Ground Alleged**

Conyers alleges that his sentence, which included an enhancement under the Armed Career Criminal Act ("ACCA"), is unconstitutional in the wake of the Supreme Court decisions in *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *Mathis v. United States*, 136 S. Ct. 2243 (2016). ECF No. 1 at 3, 7, 9–12. Specifically, Conyers seeks resentencing without the ACCA enhancement. *Id.* at 12. Conyers brings this section 2241 claim pursuant to the "savings clause" of 28 U.S.C. § 2255(e). *Id.* at 1.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

Conyers's petition challenges the lawfulness of the sentence imposed, rather than its execution. The proper mechanism for raising such a challenge is a motion pursuant to 28 U.S.C. § 2255. *See* 28 U.S.C. § 2255(a); *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) ("Those convicted in federal court are required to bring collateral attacks challenging the validity of their judgment and sentence by filing a motion to vacate sentence pursuant to [section] 2255."). The "savings clause" in 28 U.S.C. § 2255(e), however, provides an option for a federal prisoner to challenge the legality of his detention by means of a section 2241 habeas petition if section 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).[2]

Access to relief pursuant to the savings clause is only available "in a limited number of circumstances," and "[i]t is beyond question that § 2255 is not inadequate or ineffective merely

---

[2] Title 28 of the United States Code, section 2255(e) provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

3

because an individual is unable to obtain relief under that provision." *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) (citations omitted). Instead, Fourth Circuit precedent establishes that a section 2255 motion is inadequate and ineffective to test the legality of a sentence when:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018) (citations omitted).[3] The savings clause requirements are jurisdictional, and all four prongs must be met. *Braswell v. Smith*, __ F.3d __, 2020 WL 1035652, at *3–4 (4th Cir. Mar. 4, 2020). A petitioner seeking to invoke the savings clause bears the burden of showing that a section 2255 motion is inadequate or ineffective. *See McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979) ("The burden of coming forward with evidence affirmatively showing the inadequacy or ineffectiveness of the § 2255 remedy rests with the petitioner.").

Conyers argues that 28 U.S.C. § 2255 allows him to seek relief pursuant to section 2241 because the Supreme Court issued decisions in *Johnson* and *Mathis* after his deadline for filing a motion pursuant to 28 U.S.C. § 2255. ECF No. 1 at 8; *see* 28 U.S.C. § 2255(f) (noting that "[a] 1-year period of limitation shall apply to a motion under this section"). Conyers was, however, able to file a motion to vacate his sentence based on the decision in *Johnson*. The district court denied Conyers's section 2255 motion on the merits, and the Fourth Circuit dismissed his appeal of the

---

[3] A petitioner satisfies the second prong of *Wheeler* if the change in settled substantive law occurred before the petitioner filed his first section 2255 motion, but the change was deemed retroactive after the resolution of the first section 2255 motion. *Braswell v. Smith*, __ F.3d __, 2020 WL 1035652, at *4 (4th Cir. Mar. 4, 2020).

4

district court's decision. Accordingly, section 2255 was not "inadequate or ineffective to test the legality of his detention" with respect to the decision in *Johnson*. *See* 28 U.S.C. § 2255(e); *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) ("If . . . the prisoner had an unobstructed procedural shot at filing a § 2255 motion to take advantage of such a change, a § 2241 motion is unavailable to him, and any otherwise unauthorized habeas motion must be dismissed for lack of jurisdiction.").

Conyers further argues that his prior burglary convictions no longer qualify as predicate offenses for purposes of the ACCA based on the decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016). ECF No. 1 at 8. Presumably, Conyers is asserting that, like the Iowa convictions addressed in *Mathis*, his North Carolina convictions cannot serve as predicate convictions for purposes of the ACCA sentencing enhancement, because the North Carolina statute covered "a greater swath of conduct" than generic burglary. *Mathis*, 136 S. Ct. 2250–51.[4]

Conyers cannot satisfy *Wheeler's* second prong, that, "subsequent to the prisoner's direct appeal and first § 2255 motion, the . . . settled substantive law changed and was deemed to apply retroactively on collateral review." *Wheeler*, 886 F.3d at 429. The Fourth Circuit has held that *Mathis* "did not announce a retroactively applicable substantive change in the law," rather it "reiterated and clarified the application of the categorical approach or the modified categorical approach, to determine whether prior convictions qualify as predicates for recidivist enhancements." *Brooks v. Bragg*, 735 F. App'x 108, 109 (4th Cir. 2018); *see also Davis v. Andrews*, 727 F. App'x 782, 783 (4th Cir. 2018). Courts in this district have similarly found that the decision in *Mathis* did not announce a retroactively applicable substantive change in the law

---

[4] Conyers asserts that N.C. Gen. Stat. § 14-54(a), the burglary statute he was convicted of violating in the 1990s, does not require entry into a building. ECF No. 1 at 7–8.

5

as required by the second prong of *Wheeler*. *See Brunson v. Wilson*, No. 3:18cv201, 2020 WL 365102, at *3 (E.D. Va. Jan. 22, 2020); *Gripper v. Ormond*, No. 3:18cv580, 2019 WL 7580700, at *3 (E.D. Va. Dec. 17, 2019), report and recommendation adopted, 2020 WL 215498 (E.D. Va. Jan. 14, 2020); *Waddy v. Warden, FCI Petersburg*, No. 3:17cv802, 2019 WL 3755496, at *2–3 (E.D. Va. Aug. 8, 2019); *Acklin v. Warden, FCI Petersburg Low*, No. 2:17cv639, 2018 WL 6613828, at *3 (E.D. Va. Nov. 19, 2018), report and recommendation adopted, 2018 WL 6606065 (E.D. Va. Dec. 17, 2018).

Accordingly, due to Conyers's failure to satisfy the second prong of *Wheeler*, the Court lacks jurisdiction over his section 2241 petition and it is subject to dismissal without prejudice. *S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 185 (4th Cir. 2013) ("A dismissal for lack of standing—or any other defect in subject matter jurisdiction—must be one without prejudice, because a court that lacks jurisdiction has no power to adjudicate and dispose of a claim on the merits").

### III.  RECOMMENDATION

For the foregoing reasons, the undersigned recommends that respondent's motion to dismiss (ECF No. 5) be **GRANTED**, and Conyers's petition for a writ of habeas corpus (ECF No. 1) be **DENIED and DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

### IV.  REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of

the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(d) of said rules. A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof. See Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(d) of said rules).

  2. A district judge shall make a de novo determination of those portions of this Report or specified findings or recommendations to which objection is made.

  The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).


              /s/
             Robert J. Krask
            United States Magistrate Judge
             Robert J. Krask
            United States Magistrate Judge

Norfolk, Virginia
March 12, 2020